# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES ANDERSON WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2: 04-CV-3013-WMA-PWG |
| | ) |
| DONAL CAMPBELL, et. al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Anderson Wright, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during a period of incarceration at Kilby Correctional Facility, in Mt. Meigs, Alabama. Plaintiff names as defendants Prison Commissioner Campbell in his individual and official capacity, as well as "X, Y, and Z." He seeks compensatory and punitive damages. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(2), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991).

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous

or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed 2d 652 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

Plaintiff alleges that while an inmate at Kilby Correctional Facility at some unknown time and date, he was diagnosed with a hernia. (Doc. 1, at 4). Apparently, plaintiff was on work release, and was given "a hernia strap" by a Kilby Correctional Facility nurse for treatment. *Id.* Plaintiff alleges his "medical issue" was not taken care of until he was "released[,]" which this court presumes to mean his release from state custody. *Id.* After his release, plaintiff sought medical attention for his hernia, "plus other complications that arose[,]" including the loss of his right testicle. *Id.* Plaintiff names Commissioner Campbell as a defendant because he asserts Campbell "is directly responsible for the Alabama state prisons and the treatment of prisoners therein." *Id.* at 3. He provides no description or reason for naming "X,Y, and Z" as defendants.

For relief, plaintiff demands compensatory and punitive damages. *Id.* at 4.

## RESPONDEAT SUPERIOR

Plaintiff names Prison Commissioner Campbell as a defendant, but has not alleged that Campbell was personally involved in the incident about which he complains. Plaintiff simply attempts to implicate Campbell through the concept of *respondeat superior*. However, "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995)

(*citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994)).  Absent some allegation that Prison Commissioner Campbell knew of, sanctioned, participated in or was otherwise "affirmatively linked" to the acts here complained of, the claim against defendant Campbell is insufficient to state a cause of action under 42 U.S.C. § 1983.  *See Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985), *cert. denied*, 476 U.S. 1115 (1986).  Accordingly, this action is due to be dismissed as to defendant Campbell.

## FICTITIOUS PARTY

Plaintiff identifies "X, Y, and Z" as fictitious party defendants in the style of his complaint.  "As a matter of law, however, the Federal Rules of Civil Procedure do not permit fictitious party practice.  *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997)."  *Hales v. City of Montgomery*, 347 F.Supp.2d 1167, 1173 (M.D. Ala. March 31, 2004).  Thus, X, Y, and Z defendants are due to be dismissed.

## INADEQUATE MEDICAL CARE

Even if plaintiff is attempting to make a constitutional claim against the nurse in his complaint, said claim is still due to be dismissed.  The United States Supreme Court has held that it is only deliberate indifference to serious medical needs which is actionable under 42 U.S.C. § 1983.  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  The conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983.  *Bass v. Sullivan*, 550 F.2d 229 (5th Cir.), *cert. denied*, 434 U.S. 864, 98 S.Ct. 195, 54 L.Ed.2d 138 (1977).  Mere negligence is insufficient to support a constitutional claim.  *Fielder v. Brossard*, 590 F.2d 105 (5th Cir. 1979).  As stated in

*Estelle, supra*, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. at 106. Therefore, an accidental or inadvertent failure to provide medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a wrong under the Eighth Amendment. *See Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980). Neither will a mere difference of opinion between an inmate and the institution's medical staff as to treatment and diagnosis alone give rise to a cause of action under the Eighth Amendment. *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). *See also Estelle v. Gamble, supra*, at 106-08.

Deliberate indifference can be shown in a variety of ways. As the Eleventh Circuit noted in *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995):

> Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference. Medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" constitutes deliberate indifference. "A doctor's decision to take an easier and less efficacious course of treatment" also constitutes deliberate indifference. Additionally, when the need for medical treatment is obvious, medical care that is so cursory as to amount to no treatment at all may constitute deliberate indifference. (citations omitted)

The Eleventh Circuit also held in *Howell v. Evans*, 922 F.2d 712, 720 (11th Cir.), *vacated*, 931 F.2d 711 (11th Cir. 1991), *reinstated by unpublished order* (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191(11th Cir. 1994)):

> The standard for deliberate indifference focuses on the failure to provide or allow proper treatment in the face of information which reasonably should compel action. Such deliberate indifference is often manifest by a refusal to act when certain actions were or should have been known to be necessary, rather than simply a failure to act.

An official also acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition

or an urgent medical condition that would be exacerbated by delay. *See Hill*, 40 F.3d at 1186 ("cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem"); *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994). Delay in access to medical treatment can violate the Eighth Amendment, *Estelle*, 429 U.S. at 104-05, 97 S. Ct. at 291, when it is "tantamount to 'unnecessary and wanton infliction of pain,'" *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir) *per curiam*, *cert. denied*, 496 U.S. 928, 110 S.Ct. 2624, 110 L.Ed.2d 645 (1990).[1]

"In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation." *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d at 1187-88. A medical need is considered serious when delay results in an inmate's suffering "a lifelong handicap or permanent loss." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). An inmate claiming an unconstitutional delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Hill, supra*, at 1188. Further, whether the length of the delay establishes deliberate indifference "depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994). Therefore, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

---

[1] Reiterated in *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999).

Considering the allegations in a light most favorable to plaintiff, this court can determine, for 1915A screening purposes, that plaintiff's hernia constituted a serious medical need. However, plaintiff has not informed the court when the events made the basis of his complaint occurred, other than to reference a previous period of incarceration. Further, plaintiff provides no details surrounding the initial diagnosis of his condition at Kilby Correctional Facility, concerning conversations between himself and the nurse or other medical personnel about his hernia, the symptoms of his condition, the effectiveness of the hernia strap he was provided, any ongoing complaints (oral or written) he registered with the prison nurse or medical personnel concerning his hernia, to whom these complaints were given to, and the identity of the person(s) who responded to any complaints as well as the substance thereof. Nor does plaintiff provide any factual detail concerning the treatment he received after his release from prison, including the reason(s) surgery was performed and complications ensued. In short, vague, general or conclusory allegations are insufficient to merit relief under § 1983. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

At present, the factual allegations surrounding plaintiff's hernia strap treatment at Kilby Correctional Facility fail to even state a claim for negligence, much less deliberate indifference to his serious medical needs. As stated earlier, medical negligence is not an actionable civil rights claim. Further, there is no evidence plaintiff disagreed or was uncomfortable with the treatment he received while incarcerated, and even if he had, under the factual allegations now before the court, same would only constitute a difference of opinion between plaintiff and the nurse as to the diagnosis and type of treatment necessary for plaintiff's condition at the time same was given. Such a difference of opinion is insufficient to state an Eighth Amendment claim for deliberate indifference

6

to serious medical needs. Accordingly, plaintiff's inadequate medical care claims are due to be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 1st day of July, 2005.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE