FILED
2005 Aug-25  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES ANDERSON WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2: 04-CV-3013-WMA-PWG |
| | ) | |
| DONAL CAMPBELL, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

On July 1, 2005, the undersigned entered a report and recommendation (doc. 13), recommending this 42 U.S.C. § 1983 action be DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). Plaintiff was afforded fifteen (15) days from the entry date of the report and recommendation to file objections thereto. Plaintiff requested, and was granted additional time to file his objections. On July 29, 2005, plaintiff filed a motion for discovery (doc. 15) and a second motion for extension of time (doc. 16) to file his objections.

After careful consideration of plaintiff's motions, this court is of the opinion that same are due to be DENIED WITHOUT PREJUDICE. However, a supplemental report and recommendation is also necessary to address some factual allegations raised by plaintiff in his motion for discovery, and the legal implications thereof. In his original complaint, plaintiff, an inmate at Limestone Correctional Facility, named Prison Commissioner Campbell in his individual and official capacity, as well as "X, Y, and Z" as defendants. He seeks compensatory and punitive damages.

In his original complaint, plaintiff alleges that while an inmate at Kilby Correctional Facility at some unknown time and date, he was diagnosed with a hernia. (Doc. 1, at 4). Apparently, plaintiff was on work release, and was given "a hernia strap" by a Kilby Correctional Facility nurse for treatment. *Id.* Plaintiff alleges his "medical issue" was not taken care of until he was "released[,]" which this court presumes to mean his release from state custody. *Id.* After his release, plaintiff sought medical attention for his hernia, "plus other complications that arose[,]" including the loss of his right testicle. *Id.* Plaintiff names Commissioner Campbell as a defendant because he asserts Campbell "is directly responsible for the Alabama state prisons and the treatment of prisoners therein." *Id.* at 3. He provides no description or reason for naming "X,Y, and Z" as defendants. It was upon this set of facts that the court entered its original report and recommendation.

In his subsequent discovery motion, plaintiff desired that copies of "[a]ll inmate sick-call request forms submitted in 2003 at Montgomery Work-Release Center relating to . . . his hernia complaints. . ." be produced so that he could name the individuals previously identified only as fictitious parties. (Doc. 15, at 2). He also requested copies of all medical records generated in his behalf in 2003 to support his contention that he was denied medical care for his hernia during that time period. Therefore, it appears plaintiff was an inmate at Montgomery Work-Release Center until his release from prison. Although plaintiff has subsequently been re-incarcerated, his hernia was repaired while in the free world. Plaintiff's request for permission to conduct discovery thus reveals that all actions giving rise to his complaint occurred in the year 2003, at Kilby Correctional Facility and Montgomery Work-Release Center.

## **VENUE**

Based upon the foregoing factual revelations, it is now clear that venue is not proper in the Northern District of Alabama. Proper venue for the civil rights action mentioned is governed by 28 U.S.C. §1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

All defendants and potential defendants named in plaintiff's complaint are located in Montgomery County, Alabama. All actions giving rise to the complaint occurred in Montgomery County, Alabama. Montgomery County is within the purview of the United States District Court for the Middle District of Alabama. Therefore, because all defendants are located in the Middle District, the material incidents giving rise to the plaintiff's complaint occurred in that district, only the United States District Court for the Middle District of Alabama provides the proper venue for the plaintiff's civil rights action. 28 U.S.C. §1391(b).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's motions for discovery and extension of time be DENIED (doc. 15 & 16), and plaintiff's civil rights action be TRANSFERRED to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §1404(a).

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 25th day of August, 2005.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE