IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

JAMES ANDERSON WRIGHT,            )
                                  )
    PLAINTIFF,                    )
                                  )      2:05cv955-F
VS.                               )
                                  )      ~~CV-04-WMA-3013-PWG~~
DONAL CAMPBELL,                   )
                                  )
    DEFENDANT.                    )


**REQUEST FOR ORDER FOR NON-PARTY TO
PRODUCE MEDICAL RECORDS**

**COMES** now the Plaintiff, James Anderson Wright ("Wright"), pro se, in the above styled cause and moves this Honorable Court for an order upon a non-party, Prison Health Service, Inc. ("PHS"), to produce a copy of medical documents from the Plaintiff's inmate medical file. The Plaintiff presents and shows unto this Court as follows:

1). On July 8, 2005 Wright petitioned this Court for an enlargement of time in which to file his objections to the Magistrate Judge's Report and Recommendation. This Court granted the same on July 15, 2005.

2). In an attempt to properly present his objections and overcome the burden of providing the specific dates and times of the events as they occurred, including the proper names of all



fictitious parties, Jackson submitted an inquiry to PHS. (SEE ATTACHED).

3). A representative of PHS, D. Berry, Director of Nursing, at Limestone Correctional Facility answered said request stating that the requested information could not be afforded to Wright without a court order. (SEE ATTACHED).

4). Wright contends that he cannot properly form his objections with specificity, including the factual allegations and proper names of fictitious parties, without the requested documents.

5). Wright requested that this Court issue an order upon PHS to produce a true and correct copy of the foregoing documents from his inmate medical file:

a). All inmate sick-call request forms submitted in 2003 at Montgomery Work-Release Center relating to the his hernia complaints.

b). All assessments, evaluations, diagnosis and reports in regard to the 2003 incident.

c). Any inmate profiles issued concerning the 2003 incident.

d). Name of healthcare provider at the time of the 2003 incident.

e). Names of all nurses, practitioners and doctors involved in the assessments, evaluations, diagnosis of the 2003 incident.

6). All of the above requested documents and information are critical in order for Wright to properly object and present his

arguments before this Court. The requested documents and information sought will show specific dates when specific parties acted with deliberate indifference to a serious medical need. As this Magistrate Judge stated on page 6 of its order "this court can determine, for 1915A screening purposes, the plaintiff's hernia constituted a serious medical need." In addition, this Magistrate Judge recognized and cited Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir.1995) which the 11th Circuit stated:

> "Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference. Medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" constitutes deliberate indifference. "A doctors's decision to take an easier and less efficacious course of treatment" also constitutes deliberate indifferent. Additionally, when the need for medical treatment is obvious, medical care that is so cursory as to amount to no treatment at all may constitute deliberate indifference. Also, delay in access to medical care that is "tantamount to "unnecessary and wanton infliction of pain,' " may constitute deliberate indifference to a prisoner's serious medical needs. Some delay in rendering medical treatment may be tolerable depending on the nature of the medical need and the reason for the delay." (citations omitted).

(SEE MAGISTATE JUDGE'S REPORT AND RECOMMENDATION AT PAGE 4)

Granting this request will allow Wright to effectively present and show unto this Court that the parties acted with deliberate indifference to a known serious medical need. The granting of this motion is tantamount to insure that this Court can effectively decide the issues before it.

## PRAYER

**WHEREFORE** circumstances and premises considered herein, the Plaintiff prays that this Court issue the above requested order upon Prison Health Services at Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama 35749-7009, Attention D. Berry, Director of Nursing, as to afford him a full and fair review of his claims and to afford him due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

RESPECTFULLY SUBMITTED THIS 25th DAY OF JULY, 2005.

*James A Wright*
James Anderson Wright
Limestone C.F.   15 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

James Anderson Wright #148057
Limestone C.F.         Dorm

D. Berry
~~Tanya Williams~~, Director of Nursing
Prison Health Services
Limestone C.F.

RE: MEDICAL INQUIRY

July 14, 2005

Dear Ms./Mrs. Williams,

    I write inquiring into information of an injury in 2003. The information I seek is when I was diagnoses with a hernia in 2003 when I was at Montgomery Work-Release Center. The information I seek is as follows:

1). Health Care provider at the time of my injury.

2). Date of initial injury.

3). Name of Health Care Staff member seen at time of initial complaint.

    I will assure you and your staff that my inquiry does not in anyway involve PHS. I trust that I can and will receive your timely cooperation in this matter.

    I thank you in advance for your time and prompt attention in this matter.

Sincerely,

James Anderson Wright
AIS 148057
James A Wright

*[Handwritten note: James Wright, You must have a court order to get any medical records. D. Berry 7-21-05]*

15