IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN 12

JAMES ANDERSON WRIGHT, AIS 148057 )
)
PLAINTIFF, )
)
Vs. )  CIVIL ACTION NO. 2:05-CV-955-F
)            (WO)
DONAL CAMPELL, ET AT., )

**AMENDED COMPLAINT**

**COMES** now the Plaintiff, James Anderson Wright, pro se, in the above styled cause and presents his amended complaint pursuant to the Court's Order of October 24, 2005. The Plaintiff presents and shows unto this Court as follows:

**AMENDED STATEMENT OF FACTS**

The Petitioner, James Anderson Wright ("Wright"), while incarcerated in the Alabama Department of Corrections ("ADOC"), Montgomery County Work-Release ("MCWR"), was employed at King Cotton Fabric Store in Montgomery, Alabama.

In May of 2003, Wright, returning from work and notified Officer Howard[1] ("Howard") of the MCWR that he was hurting. Howard informed Wright that he needed to fill out a

---

[1] Officer Howard's exact name and title are unknown to Wright.

1

medical request form ("sick call form"). Wright filled out the appropriate from and submitted it to a male nurse at MCWR.[2]

The following day, Wright was still in pain from the injury but he informed by an ADOC officer that his refusal to return to work would result in disciplinary action. Wright returned to work as directed.

Several days after submitting the sick call form Wright was transported to Kilby Correctional Facility ("KCF") to see medical staff. Once at KCF Wright was seen medical staff[3] and asked if he could "push your intestines back inside your body cavity?" Wright informed medical staffs that he could push them back in but when he stood up, they would immediately fall back into his testicles. Wright informed medical staff the pain associated with his injury was severe.

After the medical evaluation, Wright was informed that there was nothing they could do other than write him a profile for a bottom rack and issue him a "jock strap." Wright asked for pain medication and a "medical stop-up" from work.[4] This request was repudiated without explanation.

---

[2] The true name of the nurse is unknown to Wight. Discovery is needed to provide the name to the Court and to list as a party to this action.

[3] The true names of medical staff are unknown to Wight. Discovery is needed to provide the name to the Court and to list as a party to this action.

[4] Medical stop-ups are issued through medical personnel that allow inmates with injuries or sicknesses to desist from work without receiving disciplinary action.

At no time during the aforementioned evaluation was Wright required to disrobe nor did medical staff perform any physical examination, only verbal questions.

Wright brought back to MCWR and continued to work at King Cotton Fabric as ordered. Again, Wright was told that his refusal to work would result in disciplinary action.

Wright continued to complain of the severe pain associated with his hernia. Wright visited the male nurse at MCWR approximately two after the evaluation at KCF. At that time the nurse asked Wright what did the medical staff at KCF say. Wright informed the nurse that he was given a bottom bunk profile and a jock strap was ordered. Wright asked about why he had not received the jock strap, the nurse responded by stating the he would see if the prescription was written and would let him know what the status was.

Wright continued to complain about the pain but was still required to work. Approximately two weeks passed before Wright would see the male nurse at MCWR again. On this occasion, Wright insisted that something be done. The nurse asked Wright to disrobe so he could see the injury.[5] Wright disrobed and was examined by the nurse. The nurse seemed surprised at the size of the hernia and asked Wright how long the hernia had been that big. Wright told the nurse approximately two months. The nurse

---

[5] This was the first physical examination Wright was given.

agreed that the hernia needed an operation, but there were 1800 other inmates awaiting the same or similar surgeries because the hernia was not "life threatening" he would have to learn to live with it for the time being. Again, Wright asked about the jock strap and complained of severe pain. The nurse informed Wright that he could not do anything about the pain, but he would immediately check into the jock strap. The same day Wright was told to return to work.

Later the same day, an inmate van driver delivered a jock strap to Wright's place of employment, King Cotton Fabric Store. Wright read the instructions on the accompanied package and began wearing the device.

Wright would see the male nurse on other occasions, but his complaints and request for a doctor and pain medication went unanswered.

On August 21, 2003, Wright was released from the ADOC. Wright went to the Walker Regional Medical Center Emergency Room seeking treatment. Dr. H. Heidipram informed Wright that the hernia was severe and should have been repaired long ago. Because Wright was uninsured, Dr. Heidipram referred Wright to the Princeton Referral Clinic ("PRC") in Birmingham, Alabama for treatment.

Wright made an appointment with PRC, the appointment was set and Wright appeared on the scheduled date. Dr. Rubeny Herdepeew

4

at PRC examined Wright. Dr. Herdepeew informed Wright that his blood pressure was high because of the severe pain he was suffering from. The surgery would have to be postponed until an acceptable level was maintained. Wright was given a prescription for pain. In addition, Dr. Herdepeew made an appointment for Wright to see a blood pressure at PRC.[6]

Wright appeared at PRC to see the blood pressure specialist as instructed. A prescription was written for his blood pressure at that time. Wright would see Dr. Nesihrnt on several occasions to check his blood pressure and further post-opt evaluations of his hernia.

Dr. Nesihrnt was successful in gaining control of Wright's pain and blood pressure and the operation was scheduled for late November, 2003.[7] Dr. Herdepeew performed the hernia surgery.

Approximately three weeks after the surgery Wright began to have post-opt complications, infection. Wright notified Dr. Mark Parlen and an appointment was set. Wright appeared as scheduled at that time his testicle area was lanced to drain infection. Dr. Parlen informed Wright that he needed to perform ultra-sound to check if his testicle was alive or dead.

Before the ultra-sound could be scheduled and performed, Wright was arrested for violating the terms and conditions of his

---

[6] Wright is presently trying to obtain his medical records from PRC, the blood pressure specialist name can be provided at that time.

[7] The exact date can be provided upon receipt of Wright's PRC records.

probation. After a hearing, Wright's probation was revoked and he was transferred to the ADOC.

Upon arrival, Wright notified medical personnel at KCF[8] that he had recently had hernia surgery and was having complications. Wright explained the events before and after the surgery to KCF medical staff. Wright was told to wait until he arrived at his permanent housing assignment and submit a medical request form to see a doctor.

Wright was arrived at Limestone Correctional Facility ("LCF") on October 18, 2004. Wright submitted a medical request form to see a doctor concerning the complications he was having. On October 29, 2004, Wright was seen by a nurse who refereed him to a nurse practitioner.

Never see a nurse practitioner, Wright filed numerous requests seeking remedy of his condition. Wright would eventually see Dr. ~~Sharla~~ *Bosserman* at LCF on September 28, 2005, Dr. ~~Shabla~~ *Bosserman* scheduled Wright for an outside evaluation Carraway Hospital in Birmingham, Alabama. Wright seen Dr. Hank Hudson at Carraway Hospital examined Wright and made the determination that the right testicle was a "nub," indicating the testicle was dead. Dr. Hank Hudson consulted with Wright and informed Wright that the causation from a hernia.

---

[8] KCF is the receiving center for the ADOC.

6

On November 15, 2005, Dr. Hudson performed the surgery to remove the right testicle. Wright was transported back to LCF.

## STATEMENT OF CLAIM

1. Wright contends the hernia in his right testicle was an objectively serious medical need that, left unattended, posed a substantial risk of serious harm and an unreasonable risk of serious damage to his future health;

2. That the response made by medical staff at KCF to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law;

3. That the course of treatment taken by KCF medical staff demonstrated deliberate indifference when the risk of harm was obvious or should have been obvious and medical staff did not conduct any physical examination or order any follow-up;

4. That as a consequence of Defendants' deliberate actions providing only cursory treatment, Wright suffered unconstitutional pain, suffering and incurred permanent injury and physical disfigurement in the loss of his right testicle.

5. That Defendants acted with a sufficiently culpable state of mind that their actions rise to the level of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment of two million dollars against the Defendants for punitive damages, two million dollars compensatory damages, two million dollars for future medical expenses, and four million dollars in actual damages, making the damages sought total ten million dollars ($10,000,000.00).

VERIFIED UNDER PENALTY OF PERJURY THIS 3RD DAY OF JANUARY, 2006.

*James A Wright*
James Anderson Wright #148057
Limestone C.F.
28779 Nick Davis Road
Harvest, Alabama 35749-7009


## PROOF OF FILING PURSUANT TO 28 U.S.C. §1746

I, James Anderson Wright, do hereby certify that the foregoing pleading was filed in the United States District Court for the Middle District of Alabama by placing the same in the hands of prison officials for mailing in the United States mail postage paid and addressed correctly this 3rd day of January, 2006.

*James A Wright AIS 148057*
James Anderson Wright, Plaintiff

8