IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ANDERSON WRIGHT, <br>     AIS #148057, <br><br>     **Plaintiff** <br><br> v. <br><br> DONAL CAMPBELL <br><br>     **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     2:05-CV-955-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

## SPECIAL REPORT

COMES NOW the Defendant, **Donal Campbell**, by and through undersigned counsel, and in accordance with this Honorable Court's February 2, 2006, Order, offers the following written report.

## PARTIES

1. The Plaintiff, James Anderson Wright, is an inmate of the Alabama Prison System, and is currently incarcerated at the Limestone Correctional Facility.

2. Defendant Donal Campbell is the former Commissioner of the Alabama Department of Corrections.

## EXHIBITS

None

## PLAINTIFF'S CLAIMS

Plaintiff alleges that medical staff at Kilby Correctional Facility ignored an objectively serious medical need. Plaintiff does not identify who these individuals were, and they have not been added as defendants pursuant to paragraph four of this Court's

October 24, 2005, order. He claims that the unnamed medical staff's response constitutes the unnecessary infliction of pain and medical malpractice. Plaintiff asserts that the unnamed medical staff acted with deliberate indifference to the risk of harm to plaintiff, and that their actions amounted to violations of the Eight and Fourteenth Amendments to the United States Constitution. Plaintiff makes no allegation in his amended complaint against the only named defendant in this action, Donal Campbell. Plaintiff's original complaint states that his only claim against former Commissioner Campbell is that he is "directly responsible for the Alabama State Prisons and the treatment of the prisoners therein…."

## DEFENDANT'S RESPONSE

1. The Defendant denies that he violated the Plaintiff's constitutional rights.

2. The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff makes no specific allegations against former Commissioner Campbell.

5. The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6. The Defendant is immune from suit due to qualified immunity.

## STATEMENT OF FACTS

According to the amended complaint, Plaintiff claims that in May of 2003, he began experiencing pain in his groin while in the Work Release program. Plaintiff was seen and treated on several occasions and approximately two weeks after his first

complaint to prison officials, was apparently diagnosed with a hernia. Plaintiff alleges that prison officials were indifferent to his complaints and did not take steps to provide Plaintiff with surgery to repair the hernia, but rather treated it conservatively through the use of a jock strap.

In August of 2003, Plaintiff was released from prison and he sought and obtained private medical assistance. In November of 2003, Plaintiff had surgery to repair the hernia. There were complications following the surgery that plaintiff alleges required him to need an ultrasound procedure to determine the health of his testicle.

Before Plaintiff could schedule and undergo the alleged necessary ultrasound, he was arrested for violating the terms and conditions of his probation. A hearing was conducted and Plaintiff's probation was revoked. Plaintiff was taken to Kilby Correctional Facility for holding.

Upon intake, Plaintiff claims to have informed medical personnel that he had received surgery for his hernia and was suffering from complications. He was advised to send a request for medical attention when he was assigned permanent housing. On October 18, 2004, Plaintiff arrived at Limestone Correctional Facility and submitted a medical request form to see a doctor regarding the complications he was experiencing. Four days earlier, on October 14, he filed a complaint that was signed on September 23, 2004, in the District Court of the United States for the Northern District of Alabama complaining of these same events. That case was eventually transferred to the Middle District, was amended per Court order, and is the case at bar. According to his amended complaint, Plaintiff's complications continued and eventually on November 15, 2005, Plaintiff had his right testicle removed. According to the original complaint signed and

dated September 23, 2004, this apparently occurred during the short period of time he was released from prison and was seeking medical attention privately. Plaintiff demands monetary damages in excess of $10,000,000.

## ARGUMENT

This case should also be dismissed because former Commissioner Campbell is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, former Commissioner Campbell should be dismissed based on immunity.

In addition, former Commissioner Campbell is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials

from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). Former Commissioner Campbell has violated any of Plaintiff's clearly established rights; thus, he is entitled to qualified immunity.

To properly allege a constitutional violation based on failure to provide adequate medical care, a detainee "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Estelle v. Gamble,* 429 U.S. 97, 106 S.Ct. 285 (1976). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (emphasis added). Deliberate indifference contemplates a state of mind more blameworthy than negligence. *Id.* at 835, 114 S.Ct. at 1978. A "serious medical condition" is an objectively serious medical need that, if left unattended, poses a serious risk of harm. *Taylor v. Adams,* 221 F.3d 1254 (11th Cir.2000). The condition must have either been diagnosed by a physician as mandating treatment or be "so obvious

that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176 (11th Cir.1994).

The Eighth Amendment "does not authorize judicial reconsideration of every governmental action affecting the interests or well-being of a prisoner." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Miller v. King,* 384 F.3d 1248, 1260 (11th Cir.2004) (internal quotations omitted) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003). To demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Miller,* 384 F.3d at 1261. Under the objective inquiry, he must prove that he was denied the "minimal civilized measure of life's necessities." *Id.* (quoting *Chandler v. Crosby,* 379 F.3d 1278, 1289-90 (11th Cir.2004)). The condition challenged must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90. Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case can satisfy neither the objective inquiry nor the subjective inquiry.

The allegations made by plaintiff in the case at bar simply do not rise to the level required by law to maintain an action. There is nothing to suggest that former Commissioner Campbell was *both* aware of facts from which the inference could be

drawn that a substantial risk of serious harm existed, or that he drew that inference. There is absolutely no evidence whatsoever that former Commissioner Campbell was even aware of Plaintiff's condition, nor is there even an allegation of this. Plaintiff simply cannot meet his burden for bringing this type of action against former Commissioner Campbell.

Plaintiff cannot establish that former Commissioner Campbell was deliberately indifferent to Plaintiff's medical needs. The gravamen of Plaintiff's complaint is that he was negligently treated.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' " and is a violation of the Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfere with prescribed treatment, or by prison doctors responding indifferently to a prisoner's medical needs. *Estelle,* 429 U.S. at 104-05. However, "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.***' Thus, a complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment***. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 105-06. (emphasis added).

The Supreme Court in *Estelle* considered that the inmate plaintiff had been seen by medical personnel numerous times and that he had received treatment. *Id.* at 107. The

Court, after considering the inmate's claim that other testing or treatment that had been warranted by his condition was not performed or prescribed, determined that the possibility that other tests or treatment might have been advisable in a certain situation was "[a]t most ... medical malpractice." *Id.* The court stated that "[a] medical decision not to order [certain treatment] does not represent cruel and unusual punishment." *Id.*

Like the inmate in *Estelle,* Plaintiff has undisputedly received medical care for his complaints. Even assuming that the medical care provided to plaintiff has been negligent, no constitutional claim arises. None of Plaintiff's allegations rises to the level necessary to state a constitutional claim of deliberate indifference to Plaintiff's medical needs.

Further, "[t]he State of Alabama, its agencies, and its officials acting in their official capacities are not considered 'persons' for purposes of an action for damages under 42 U.S.C. § 1983." *State Dep't of Pub. Safety v. Sexton,* 748 So.2d 200 (Ala. Civ. App. 1998) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)). Therefore, Plaintiff's claims for damages from former Commissioner Campbell under any § 1983 claim are prohibited by law.

## CONCLUSION

There are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss the claims against him.

Respectfully submitted,

TROY KING (KIN047)
Attorney General

s/ Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 14th day of March, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

James Anderson Wright, AIS#148057
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749-7009

s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General